Yahya M. KENYATTA, a/k/a John Ray King, Petitioner—Appellant,

v.

Terry L. STEWART, Director; Arizona Attorney General, Respondents—Appellees.

No. 04–15451.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 21, 2005.

Decided Oct. 27, 2005.

Yahya M. Kenyatta, Florence, AZ, pro se.

Anders V. Rosenquist, Jr., Esq., Florence M. Bruemmer, Esq., Rosenquist & Associates, Phoenix, AZ, for Petitioner-Appellant.

Jon G. Anderson, Esq., Office of the Arizona Attorney General, Phoenix, AZ, Alan L. Amann, Esq., Office of the Arizona Attorney General, Tucson, AZ, for Respondents-Appellees.

Before: BEEZER and KOZINSKI, Circuit Judges, and CARNEY,* District Judge.

## MEMORANDUM **

Kenyatta was convicted while on probation of aggravated assault with a dangerous instrument (a truck), and sentenced to 25–years–to–life in prison. *See* Ariz.Rev. Stat. Ann. §§ 13–604.02(A), 13–1204(A)(2) (1991). Although severe, such a term is not grossly disproportionate to the crime. Unlike the nonviolent offenses at issue in *Solem v. Helm,* 463 U.S. 277, 281, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983) (life sentence for passing a $100 bad check while drunk), *Reyes v. Brown,* 399 F.3d 964, 965 (9th Cir.2005) (26–years–to–life for committing perjury by taking a driver's license exam for a relative), and *Ramirez v. Castro,* 365 F.3d 755, 757–58 (9th Cir.2004) (25–years–to–life for shoplifting a $199 VCR and surrendering without resistance when approached by authorities), Kenyatta assaulted an off-duty police officer with a stolen truck and then fled the scene. Kenyatta's actions could easily have resulted in death or serious injury to the victim.

"The gross disproportionality principle reserves a constitutional violation for only the extraordinary case." *Lockyer v. Andrade,* 538 U.S. 63, 77, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003). Given the violent nature of Kenyatta's crime, this is not such a case. Because of "the serious nature of petitioner's crime," we need not engage in "a comparative analysis between petitioner's sentence and sentences imposed for other crimes in [Arizona] and sentences imposed for the same crime in other jurisdictions." *Harmelin v. Michigan,* 501 U.S. 957, 1004, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991) (plurality) (Kennedy, J., concurring in part and concurring in judgment); *see also Ramirez,* 365 F.3d at 770 (comparative analysis appropriate only in the "extremely rare case that gives rise to an inference of gross disproportionality"). In determining that Kenyatta's sentence does not violate the Eighth or Fourteenth Amendments, the state courts did not contravene or unreasonably apply Supreme Court precedent, or determine facts unreasonably. *See* 28 U.S.C. § 2254(d).

**AFFIRMED.**

---

* The Honorable Cormac J. Carney, United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.